UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| JADE FLOREZ and ERIC FLOREZ, | ) Case No.: 5:17-cv-661 |
| Plaintiffs, | ) |
| vs. | ) |
| | ) COMPLAINT |
| ADVANTAGE CREDIT, INC. | ) |
| Defendants. | ) |

Plaintiffs allege:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (hereinafter "FCRA").

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k (d).

3. Venue is proper in this district under 28 U.S.C §1391(b)

## PARTIES

4. Jade Florez and Eric Florez (hereineafter collectively "Plaintiffs") are natural persons, who at all relevant times have resided in San Antonio, Texas. Plaintiffs are "consumers" as that term is defined by 15 U.S.C. § 1681a(c).

5.      Defendant Advantage Credit, Inc. ("Advantage") is a credit reporting agency with its corporate headquarters located at 32065 Castle Ct., Suite 300, Evergreen, Colorado, 80439.

## BACKGROUND

6.      Advantage Credit, Inc. is a credit reporting agency as defined under the FCRA.

7.      A credit reporting agency is prohibited from furnishing a consumer's credit report to any person, other than for a "permissible purpose" as provided under section 1681b(a) of the FCRA.

8.      Correspondingly, no person may obtain a credit report, other than for a permissible purpose, which shall be certified, under section 1681b(f) of the FCRA.

9.      The FCRA thereby protects consumer privacy, by limiting the purposes for which credit reports, which contain confidential information, may be disseminated.

10.     Additionally, the mere act of obtaining a consumer's credit report may adversely affect the consumer's credit score or credit profile.  Companies which prepare a consumer credit score, or other numerical consumer credit profile indicator, take into account the number of times the consumer's credit report has been "pulled" by others.

11.     In common industry language, a "hard pull" refers to obtaining a consumer's credit report in a manner which adversely affects the consumer's credit score or credit profile.  In contrast, a "soft pull" refers to obtaining a credit report in a manner that does not affect the consumer's credit score or credit profile.

12.     Obtaining a credit report for the purpose of a "consumer transaction" initiated by the consumer is generally a hard pull.  In contrast, obtaining a credit report for the purpose of reviewing an existing account held by the consumer is generally a "soft pull."

## **FACTUAL STATEMENT**

13. On or about September 2016, Plaintiffs Jade and Eric Florez approached the mortgage lending division of AmCap Mortgage, Ltd., known as Gold Financial (hereinafter "Gold"), regarding its residential mortgage loan services.

14. Plaintiffs explained to Gold that they had not identified a prospective property for which they would need a mortgage loan, but were merely inquiring about their rates and programs.

15. Gold refused to discuss any information about their offerings unless Plaintiffs would complete an initial questionnaire.

16. Being an initial questionnaire, as opposed to a formal mortgage loan application, the questionnaire provided Plaintiffs the opportunity to refuse to have their credit pulled.

17. Plaintiffs had been working on raising their credit score for some time, and were aware that a "hard pull" would lower their credit score.

18. As such, Plaintiffs reviewed the opt-out provision and both stated "no" do not pull my credit.

19. In addition to this, Plaintiffs specifically informed the Gold customer representative not to pull their credit because they were merely inquiring about services, and were afraid to lower their credit score.

20. Upon information and belief, Defendant Advantage has a business relationship with Gold wherein they provide credit reports in response to a request generated from Gold. Exhibit A.

21. On or about September 13 and 14, 2016, on behalf of Gold, Defendant Advantage, pulled Jade and Eric Florez's credit reports as maintained or prepared by TransUnion, Experian, and Equifax. Exhibit B.

22. Due to Plaintiffs refusal to give permission for the credit pull, Advantage lacked a permissible purpose for pulling Plaintiffs credit reports.

23. Upon information and belief, Defendant Advantage did not obtain or require a certification from Gold that their request was for a permissive credit pull on behalf of Plaintiffs.

24. Advantage's pulling of Plaintiffs credit reports, purportedly for the purpose of a consumer transaction, was a "hard pull," and adversely impacted Plaintiffs credit scores or credit profiles.

25. After recognizing that Defendant Advantage had initiated a "hard pull," Jade Florez requested that Gold remove the inquiry because it was damaging her credit worthiness, but this did not occur.

26. Defendant's violations of the FCRA alleged herein was willful, giving rise to liability under 15 U.S.C. § 1681n, or in the alternative, negligent, giving rise to liability under 15 U.S.C. § 1681o.

27. Further, Congress enacted the FCRA in order to provide consumers a right to privacy. By violating the FCRA and impermissibly accessing and disseminating Plaintiffs' personal information and credit, Advantage has also violated Plaintiffs' right to privacy.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. §§ 1681b(a), 1681b(f), 1681e(a)

28. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

29. On or about September 2016, Advantage obtained Plaintiffs' credit reports from Experian, TransUnion, and Equifax.

30. Advantage lacked a permissible purpose and lacked the consent for obtaining said report.

31. Advantage failed to obtain and/or did not require Gold to furnish a certification that the credit pull was for a permissible purpose.

32. Advantage lacked reasonable procedures to assure a permissible purpose for furnishing credit reports concerning Plaintiffs on or about September, 2016. Advantage failed to confirm with Gold that Plaintiffs had sought a loan, that Plaintiffs had sought qualification for a loan, or that Plaintiffs had consented to the furnishing of their credit reports.

33. Advantage violated Plaintiffs' right to privacy by pulling their personal and credit information without a permissible purpose.

34. Defendant's conduct violated section 1681b(a), section 1681b(f) and section 1681e(a) of the FCRA.

35. Plaintiffs suffered damages as a consequence thereof.

WHEREFORE, Plaintiffs, Eric Florez and Jade Florez, respectfully requests that this Court do the following for the benefit of Plaintiffs:

  A. Awarding Plaintiffs actual damages;

  B. Awarding Plaintiffs statutory damages;

  C. Equitable and declaratory relief, including that Plaintiffs credit histories and profile be restored to what it would be, but for Defendants' unlawful conduct;

  D. Award costs and reasonable attorneys' fees;

  E. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

36. Plaintiff demands a jury trial on all issues so triable.

Dated this 20th of July, 2017

                                        Respectfully Submitted,

                                        /s/Daniel Zemel
                                        Daniel Zemel, Esq.
                                        78 John Miller Way, Suite 430
                                        Kearny, New Jersey 07032
                                        T: 862-227-3106
                                        dz@zemellawllc.com
                                        Attorneys for Plaintiffs