UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JADE FLOREZ and ERIC FLOREZ,   Case No. 5:17-cv-661-DAE

    Plaintiffs,   **ORAL ARGUMENT REQUESTED**

vs.

ADVANTAGE CREDIT, INC.

    Defendants.

**DEFENDANT ADVANTAGE CREDIT, INC.'S MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) AND 12(b)(6) AND SUPPORTING MEMORANDUM OF LAW**

Defendant Advantage Credit, Inc. ("Advantage"), through its undersigned counsel, hereby submits this Motion to Dismiss the Complaint filed on July 20, 2017 (the "Complaint") by Plaintiffs Jade Florez and Eric Florez (together, "Plaintiffs") under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, and Supporting Memorandum of Law. Plaintiffs fail to state a claim as a matter of law, and cannot cure the defects in the Complaint by amendment. Accordingly, the Complaint should be dismissed with prejudice.

## INTRODUCTION

Plaintiffs have initiated this lawsuit against Advantage following the conclusion of their earlier lawsuit against AmCap Mortgage, Ltd., Equifax Information Services, LLC, Experian Information Solutions, Inc., and TransUnion LLC that was based on precisely the same set of facts.[1] Apparently unsatisfied that the settlement proceeds from those defendants remediated Plaintiffs' alleged damages, Plaintiffs have now sued Advantage, a reseller of consumer information, to recover the same exact alleged damages.

---

[1] *See Florez v. Experian Information Solutions, Inc., et al.*, Case No. 5:16-cv-01095 (WD Tex., Filed Nov. 2, 2016, Terminated June 23, 2017). Plaintiffs' notices of settlement (Dkt. Nos. 31, 33, and 35) and the stipulations of dismissal filed with the Court (Dkt. Nos. 37, 38, 39, and 41) together demonstrate that Plaintiffs have already pursued and recovered on their purported claims.

Plaintiffs claim, under the Fair Credit Reporting Act ("FCRA"), that Advantage improperly accessed their credit reports without a permissible purpose. Compl. (Dkt. 1) at ¶¶ 30-31. Plaintiffs' entirely conclusory and boilerplate allegations fail to describe any wrongdoing by Advantage with specificity. Plaintiffs have not pled—because they cannot—any facts to support their baseless conclusion that Advantage provided their consumer reports, without a permissible purpose, to AmCap Mortgage, Ltd.'s mortgage lending division, Gold Financial ("Gold"). To the contrary, Plaintiffs' allegations to this effect ignore Advantage's status as a credit reporting agency, which has different responsibilities under the FCRA than an end user of consumer information.

Ultimately, Plaintiffs have failed to state a cause of action as a matter of law for the following reasons: (1) Plaintiffs' exclusive reliance on conclusory statements that are unsupported by facts violates the clear pleading standard set forth in *Twombly* and *Iqbal*; (2) Plaintiffs have not alleged—and cannot allege—that they have suffered "injury in fact" sufficient to meet the standing requirements set forth in *Spokeo*; and (3) Plaintiffs have failed to allege any facts which show that Advantage violated the FCRA. Because the many deficiencies in Plaintiffs' pleading cannot be cured by amendment, Advantage's motion to dismiss should be granted and the Complaint dismissed with prejudice.

## ARGUMENT

### I. Plaintiffs' Entirely Conclusory Allegations Fail to Satisfy Pleading Requirements

In deciding a motion brought under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepting all of the plaintiff's allegations as true. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

The Supreme Court expects district courts to weed out claims that lack a reasonable factual basis "to avoid the potentially enormous expense of discovery" in such cases. *Id.* at 559.

A complaint does not satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure unless it alleges a sufficient factual basis "to state a claim to relief that is *plausible* on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added). A claim only has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court must accept the allegations in the Complaint as true and construe them in the light most favorable to the Plaintiff, but "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt. v. Jaharis*, 297 F. 3d 1182, 1188 (11th Cir. 2002).

Plaintiffs fail to meet the heightened pleading standard of *Twombly* and *Iqbal* because the Complaint contains nothing more than conclusory statements about Advantage's purported conduct. Specifically, nowhere in the Complaint do Plaintiffs allege facts to support any of the following: (1) that Advantage committed a willful, knowing, reckless, or even negligent violation of the FCRA; (2) that Advantage violated—or could have violated—15 U.S.C. § 1681b(f), which concerns only users of consumer reports (*i.e.*, mortgage lenders, car dealerships, etc.) and not consumer reporting agencies like Advantage; (3) that Advantage otherwise violated 15 U.S.C. § 1681 by furnishing a consumer report without a permissible purpose; (4) that Advantage violated any portion whatsoever of the FCRA, which is an underlying requirement to support Plaintiffs' claims under 15 U.S.C. §§ 1681n (willful noncompliance) and 1681o (negligent noncompliance); and (5) that Plaintiffs suffered damages as a direct result of Advantage's supposed violation of the FCRA. Even Plaintiffs' allegation at paragraph 32 that "Advantage lacked reasonable procedures to assure a permissible purpose for furnishing credit

reports" is without any factual support whatsoever. Likewise, Plaintiffs' lynchpin allegations at paragraphs 20 and 23 are expressly stated "[u]pon information and belief" and find no basis in reality.

Because Plaintiffs' entirely deficient pleading cannot be cured by amendment, in light of the complete lack of facts that would support a claim against Advantage, the instant motion to dismiss should be granted with prejudice.

## II. Plaintiffs' FCRA Claim Fails as a Matter of Law

The FCRA was enacted in 1970 "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 52 (2007); 15 U.S.C. § 1681b. The FCRA requires that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit in a manner which is fair and equitable to consumers. *Chipka v. Bank of America, National Association*, 355 Fed. Appx. 380, 382 (11th Cir. 2009). Consumers are allowed to commence private suits under the FCRA only in certain limited circumstances. As explained below, Plaintiffs' FCRA claim against Advantage cannot stand.

### A. Plaintiffs Cannot Allege a Cognizable FCRA Violation by Advantage

Plaintiffs' claims for negligent and willful violation of the FCRA are based on 15 U.S.C. §§ 1681o and 1681n, respectively. Rather than enumerate particular categories of prohibited conduct or describe affirmative responsibilities on the part of consumer reporting agencies or users, sections 1681o and 1681n merely provide for civil liability that is expressly premised on an underlying failure to comply with some other aspect of the FCRA. *See* 15 U.S.C. §§ 1681o ("Any person who is negligent in failing to comply with any requirement imposed under this subchapter…"), 1681n ("Any person who willfully fails to comply with any requirement imposed under this subchapter…").

In support of their claims under sections 1681o and 1681n, Plaintiffs summarily allege underlying violations of 15 U.S.C. §§ 1681b(a), 1681b(f), and 1681e(a). *See* Compl. at ¶ 4 ("Defendant's conduct violated section 1681b(a), section 1681b(f) and section 1681e(a) of the FCRA."). However, 15 U.S.C. § 1681b(f) begins as follows: "A person shall not use or obtain a consumer report for any purpose unless…" It is clear from the text of the statute that this subsection applies only to persons who are <u>users</u> (*i.e.*, mortgage lenders, car dealerships, etc.), and not to entities like Advantage, which are consumer reporting agencies and provide consumer reports to such users. *See Rylewicz v. Beaton Services, Ltd.*, 698 F. Supp. 1391, at *25 (N.D. Ill. 1988). Where, as here, consumer information is requested by a mortgage lender as the user, these consumer reports enable a determination about a particular consumer's creditworthiness. Beyond providing that consumer information to one or more users, Advantage has no involvement whatsoever in the "use" of that information. Accordingly, Plaintiffs' conclusory allegation that Advantage somehow violated 15 U.S.C. § 1681b(f) constitutes a legal impossibility.

Plaintiffs further assert, without any factual support, that Advantage violated section 1681b(a) of the FCRA, which prescribes specific circumstances under which a consumer reporting agency may furnish a consumer report to a user of such information. This allegation appears to be based on a supposed lack of permissible purpose (*see* Compl. at ¶¶ 30-31) to support Advantage's transmittal of Plaintiffs' consumer reports to Gold. Critically, 15 U.S.C. § 1681b(a)(3)(A) sets forth one of the several permissible purposes for a consumer reporting agency's transmittal of a consumer report to a user, as follows:

> (a) Subject to subsection (c), any consumer reporting agency may furnish a consumer report under the following circumstances and no other: […]
>
> (3) To a person which it has reason to believe—

(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involved the extension of credit to, or review or collection of an account of, the consumer;

15 U.S.C. § 1681b(a)(3)(A). Accordingly, so long as a consumer reporting agency "has reason to believe" that the person to whom it is transmitting a consumer report intends to use that information "in connection with a credit transaction involving the consumer," the agency is acting in accordance with the FCRA. *Washington v. S. Shore Bank*, 2004 U.S. Dist. LEXIS 17246, at *6 (N.D. Ill. Aug. 27, 2004) (a consumer's consent is not needed "because one can obtain a credit report without the consumer's permission as long as the credit report is obtained for permissible purpose under the FCRA.").

Here, Plaintiffs cannot state a single factual allegation to support their assertion that Advantage did not have a permissible purpose in providing a consumer report to Gold, the end user. To the contrary, Plaintiffs' own allegations regarding the underlying mortgage transaction[2] (*see* Compl. at ¶¶ 13-19) support the position that Advantage "had reason to believe" that it was providing a consumer report to a user "in connection with a credit transaction involving the consumer on whom the information is to be furnished." 15 U.S.C. § 1681b(a)(3)(A). Plaintiffs' entire argument about Advantage's supposed lack of permissible purpose hinges on the following conclusory allegations, stated in part on information and belief:

> 22. Due to Plaintiffs [sic] refusal to give permission for the credit pull, Advantage lacked a permissible purpose for pulling Plaintiffs [sic] credit reports.
>
> 23. Upon information and belief, Defendant Advantage did not obtain or require a certification from Gold that their request was for a permissive credit pull on behalf of Plaintiffs.

Compl. at ¶¶ 22, 23.

---

[2] Advantage further notes that Plaintiffs' complaint in the prior matter against Gold, Experian, Equifax, and TransUnion states that Plaintiffs "filled out a mortgage loan application with Gold." Compl. at ¶ 16. This allegation directly contradicts Plaintiffs' present allegation that Plaintiffs completed an "initial questionnaire, as opposed to a formal mortgage loan application." *Id*.

- 6 -

As a matter of law, a consumer reporting agency like Advantage is not required to obtain written consent from a consumer before furnishing a consumer report. *See* 15 U.S.C. § 1681b(a)(3)(A). Rather, a consumer reporting agency may rely on contractual certifications by an end user (*i.e.*, Gold) regarding manner of use and permissible purpose. *Harris v. Database Mgmt. & Mktg., Inc.*, 609 F. Supp. 2d 509, 515-516 (D. Md. 2009); *see also Boothe v. TRW Credit Data*, 557 F. Supp. 66, 71 (S.D.N.Y. 1982). Here, Plaintiffs' threadbare allegations are consistent with the fact that Advantage never received—and had no reason to receive—a copy of Plaintiffs' September 2016 initial questionnaire (or mortgage application), and therefore would have had no reason to doubt the lender's permissible purpose in requesting a copy of Plaintiffs' credit report. Plaintiffs' baseless allegation, *on information and belief*, regarding the supposed lack of a certification from Gold is unavailing.

Finally, Plaintiffs assert that Advantage violated section 1681e(a) of the FCRA, which requires consumer reporting agencies to maintain "reasonable procedures designed to avoid violations of section 1681c of this title and to limit the furnishing of consumer reports to the purposes listed under section 1681b of this title." 15 U.S.C. § 1681e(a). Plaintiffs have not alleged a violation of section 1681c (which they cannot), so the sole basis of this assertion appears to be Advantage's conduct in connection with the requirements set forth in section 1681b(a)—that Advantage could not have had a reasonable belief that Gold intended to use the report in connection with a credit transaction involving Plaintiffs. Further, Plaintiffs' only allegation regarding the supposed lack of reasonable procedures required by section 1681e(a) is limited to the following:

> Advantage lacked reasonable procedures to assure a permissible purpose for furnishing credit reports concerning Plaintiffs on or about September, 2016. Advantage failed to confirm with Gold that Plaintiffs had sought a loan, that Plaintiffs had sought qualification for a loan, or that Plaintiffs had consented to the furnishing of their credit reports.

Compl. at ¶ 32. Advantage's supposed "failure to confirm with Gold that Plaintiffs had sought a loan," as well as the other accusations in paragraph 32, do not speak to Advantage's procedures for assuring permissible purpose. *Id.* They therefore lend no support to the bare legal conclusion that Advantage "lacked reasonable procedures to assure a permissible purpose for furnishing credit reports." *Id.*

Furthermore, Plaintiffs base their entire claim on an act that was legally permissible. Taken together with Plaintiffs' inability to sufficiently allege a violation of section 1681b(a), as set forth above, it is clear that Plaintiffs cannot substantiate their accusation that Advantage violated 15 U.S.C. § 1681e(a).

For all of these reasons, Plaintiffs' claims against Advantage for both negligent and willful violation of the FCRA should be dismissed with prejudice.

### B. Plaintiffs Do Not Have Standing Because They Cannot Allege a Concrete Injury

Article III of the United States Constitution "limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992); U.S. Const. art. III, § 2, cl. 1. To invoke this power, a litigant must have standing. *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2661 (2013). Standing consists of three elements: (1) an "injury-in-fact" that is (2) fairly traceable to the defendant's conduct and that is (3) likely to be redressed by a favorable court decision. *Lujan*, 504 U.S. at 560. Of the three elements, injury-in-fact is "the 'first and foremost' of standing's three elements." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (internal citations omitted). When a plaintiff lacks standing, dismissal under Federal Rule of Civil Procedure 12(b)(1) is appropriate because the plaintiff cannot obtain relief from the court. *AFGE, Local 2119 v. Cohen*, 171 F.3d 460, 465 (7th Cir. 1999).

The plaintiff bears the burden of proving standing. Historically, the Supreme Court has described an "injury-in-fact" as "an invasion of a legally protected interest," and noted that such

interests are both "(a) concrete and particularized, and (b) actual or imminent, not 'conjectural' or 'hypothetical.'" *Lujan*, 504 U.S. at 560 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)). More recently, the *Spokeo* court confirmed that, "A 'concrete' injury must be '*de facto;*' that is, it must actually exist…. [it must be] 'real,' and not 'abstract.'" *Spokeo*, 136 S. Ct. at 1578.

*Spokeo* addressed whether an alleged violation of the FCRA, in the absence of a specified injury, was a sufficient to confer Article III standing where the plaintiff alleged no "actual or imminent harm." *Id.* The Court held, "An injury in fact must also be 'concrete.' […] We have made it clear time and time again that an injury must be both concrete *and* particularized." *Id.* Accordingly, standing to pursue claims under the FCRA requires that a plaintiff demonstrate injury that is "real," and not merely "abstract." *Id.* A party does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation." *Id*. at 1544. In other words, if an injury does not "cause harm or present a material risk of harm," it lacks the concreteness required to establish the existence of an injury-in-fact for Article III purposes, even if such injury constitutes a statutory violation. *Id*.

Here, Plaintiffs have alleged that Advantage's conduct "adversely impacted Plaintiffs [sic] credit scores or credit profiles" (Compl. at ¶ 24), that "Advantage violated Plaintiffs' right to privacy by pulling their personal and credit information without a permissible purpose" (*id*. at ¶ 33), and that "Plaintiffs suffered damages as a consequence thereof." *Id*. at ¶ 35. As a threshold matter, it is well-established that an adverse impact to credit scores or credit profiles, without more, is insufficient to meet the "concrete injury" predicate for standing. *See Nayab v. Capital One Bank, N.A.*, 2017 U.S. Dist. LEXIS 97596, at *5-6 (S.D. Cal. June 23, 2017)

(holding that the plaintiff in an FCRA did not have standing because a negative impact to one's credit score is a "conjectural and hypothetical future injury [that] does not satisfy the requirements for Article III standing") (citing *Spokeo*, 136 S.Ct. at 1548); *see also Nowlin v. Avis Budget Group*, 2011 U.S. Dist. LEXIS 152163, at *4-5 (M.D. N.C. December 22, 2011) ("An alleged decrease in credit score is not sufficient to state a claim for damages.") (internal citations omitted).

Critically, the second form of harm claimed by Plaintiffs—that Advantage allegedly violated Plaintiffs' privacy rights—is not a cognizable under the FCRA. Section 1681h(e) provides a qualified immunity to consumer reporting agencies for privacy claims, as follows: "**no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency** […] except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e) (emphasis added); *see also Short v. Allstate Credit Bureau*, 370 F. Supp. 2d 1173, 1185 ("Because there is no allegation that Allstate maliciously or willfully furnished credit information to Savage with the intent to injure Plaintiffs, the invasion of privacy claims is barred by the qualified immunity of FCRA and is subject to dismissal."). "The malice or willful intent to injure contemplated by § 1681h(e) is of a **higher degree than that which supports a claim of statutory or punitive damages under § 1681n**." *Reed v. Experian Info. Solutions*, 321 F. Supp. 2d 1109, 1117 (D. Minn. 2004) (emphasis added).

Here, there is no allegation in the Complaint that Advantage acted with malice or a willful intent to injure Plaintiffs. To the contrary, the allegations in the Complaint reveal that Advantage merely provided a consumer report in response to an inquiry from Gold, one of its own customers. Beyond Plaintiffs' failure to plead sufficient facts, under *Twombly* and *Iqbal*, that bear on Advantage's knowledge and/or willfulness, Plaintiffs cannot state a claim for

punitive damages—and therefore cannot meet the even higher standard necessary to defeat the qualified immunity provided by 15 U.S.C. § 1681h(e).

Even under the Ninth Circuit Court of Appeals' recent decision on remand in *Robins v. Spokeo, Inc.*, 2017 U.S. App. LEXIS 15211 (9th Cir. August 15, 2017) ("*Spokeo III*"), Plaintiffs' allegation regarding a supposed violation of privacy interests is insufficient to confer standing. In *Spokeo III*, the plaintiff alleged that the defendant consumer reporting agency had disseminated—and even published online for access by the public—inaccurate information about the plaintiff's income, level of education, marital status, age, work history, and hobbies. *Id.* at *4-5. The Court of Appeals found that the online publication of several categories of information bearing significant inaccuracies caused the plaintiff a "concrete harm" by diminishing his appeal to potential employers. *Id.* at 19-21. Here, by contrast, Plaintiffs have alleged a bare violation of their privacy interests and cannot demonstrate the existence of any concrete harm, whether with respect to their pursuit of a mortgage or otherwise. For all of these reasons, Plaintiffs' conclusory allegation of privacy-based harm is unavailing.

With their invasion of privacy claim barred, and any allegation of impact on credit scores inherently deficient, Plaintiffs cannot state any form of harm that is cognizable under the FCRA. Under *Spokeo*, Plaintiffs therefore do not have standing to pursue their claims. Accordingly, Plaintiffs' complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(1).

**C.    Plaintiffs Cannot Allege Willful Violation of the FCRA**

Plaintiffs claim Advantage obtained Plaintiffs' credit reports without Plaintiffs' consent and thereby did so without authorization, in violation of 15 U.S.C. § 1681b(f), and without a permissible purpose in violation of 15 U.S.C. § 1681b. Plaintiffs claim Advantage's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C § 1681n, for which Advantage is allegedly liable to Plaintiffs for statutory damages and attorneys' fees.

A willful violation of the FCRA occurs when either an intentional violation is committed or there is a reckless disregard for obligations imposed by the statute. *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47, 56-57. In *Safeco* "[t]he Court adopted the common law understanding of the term recklessness . . . as conduct violating an objective standard: action entailing 'an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Flood v. Equifax Info. Servs.*, LLC, 2014 U.S. Dist. LEXIS 118432, *11 (E.D. Mich. Aug. 26, 2014) (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). Therefore, a "company acts recklessly in the context of the FCRA when it '[runs] a risk of violating the law substantially greater than the risk associated with a reading [of the FCRA] that was merely careless.' The Sixth Circuit has interpreted *Safeco*, albeit in dicta, to extend to 'deliberate' and 'knowing' statutory violations as well." *Adams*, No. 3:16-CV-00218-TBR, 2017 WL 561336, at *6 (W.D. Ky. Feb. 10, 2017) (internal citations omitted).

As discussed above, Plaintiffs cannot allege that Advantage committed a willful or knowing violation of the FCRA because Plaintiffs' direct authorization is not legally required to request a consumer credit report. Rather, Plaintiffs' allegations make it clear that Gold furnished identifying information to Advantage, in connection with an underlying mortgage transaction. *See* Compl. at ¶¶ 13-19. That information alone satisfies Advantage's duties under section 1681b(a). Because Plaintiffs cannot, based on their own admissions, allege willfulness or knowledge, Plaintiffs' claim against Advantage for willful violation of the FCRA should be dismissed with prejudice.

## **ORAL ARGUMENT REQUESTED**

Pursuant to Local Rule CV-7(h), Advantage respectfully request the opportunity for oral argument with respect to its Motion to Dismiss. Advantage's request for an oral argument is not

made to burden the Court or the parties, or to cause delay. It is done solely so that Advantage may adequately address the issues before the Court.

## **CONCLUSION**

Based on the foregoing, Plaintiffs have failed to state a claim against Advantage. Accordingly, the Court should grant Advantage's motion to dismiss pursuant to Rule 12(b)(6) and dismiss Plaintiffs' Complaint with prejudice.

Dated: August 31, 2017

Respectfully submitted,

*s/Saul Perloff*

**Saul Perloff**
Texas Bar No. 00795128
saul.perloff@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
300 Convent Street, Suite 2100
San Antonio, Texas 78205
Tel. (210) 224-5575
Fax (210) 270-7205

**Christi A. Lawson**
Florida Bar No. 498351
Admitted Pro Hac Vice
clawson@foley.com
**FOLEY & LARDNER LLP**
111 North Orange Avenue, Suite 1800
Orlando, Florida 32801-2386
Tel. (407) 423-7656
Fax (407) 648-1743

**John J. Atallah**
California Bar No. 294116
Admitted Pro Hac Vice
jatallah@foley.com
**FOLEY & LARDNER LLP**
555 South Flower Street, Suite 3500
Los Angeles, California 90071-2411
Tel. (213) 972-4500
Fax (213) 486-0065

**ATTORNEYS FOR DEFENDANT ADVANTAGE CREDIT, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing **DEFENDANT ADVANTAGE CREDIT, INC.'S MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) AND 12(b)(6) AND SUPPORTING MEMORANDUM OF LAW** to be electronically filed with the Clerk of the Court using the ECF-system for the Western District of Texas and that the ECF-system will send a Notice of Electronic Filing to the following CM/ECF participant(s) on this the 31st day of August 2017:

| **Counsel for Plaintiffs:** | **By Email:** |
|---|---|
| Daniel Zemel, Esq. | dz@zemellawllc.com |

*s/Saul Perloff*
**Saul Perloff**
**Attorney for Defendant**